# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEAN SLAMA, | 1:11-cv-00282-DLB (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR STAY WITHOUT PREJUDICE |
| v. | [Doc. 3] |
| KATHLEEN ALLISON, Warden | |
| Respondent. | |

  Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

  Petitioner was convicted on May 2, 2008, and he was sentenced sometime thereafter. On June 24, 2008, Petitioner filed a notice of appeal to the California Court of Appeal, Fifth Appellate District. The Court of Appeal affirmed the judgment on September 1, 2009.

  On October 14, 2009, Petitioner filed a petition for review in the California Supreme Court. The petition was denied on November 19, 2009.

  Petitioner then filed a petition for writ of certiorari in the United States Supreme Court on February 17, 2010. The petition was denied on April 26, 2010.

  On April 27, 2010, Petitioner filed a post-conviction collateral petition in the Madera County Superior Court. The petition was denied on January 3, 2011.

///

1 Petitioner then filed the instant petition for writ of habeas corpus on February 17, 2011.
2 Petitioner also filed a motion to stay the action pending further exhaustion in the state courts.

## DISCUSSION

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2254(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id. The limitations period also can be equitably tolled. Holland v. Florida, 130 S.Ct.2549, 2562 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

A district court may stay a mixed habeas corpus petition to allow the petitioner to exhaust any unexhausted claims in state court. Rhines v. Weber, 544 U.S. 269, 277-278 (2005). In Rhines, the Court discussed the stay-and-abeyance procedure for mixed habeas petitions. "Under *Rhines*, a district court must stay a mixed petition only if: (1) the petitioner has 'good cause'" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. Id. at 278. The Court cautioned district courts against being too liberal in allowing a stay because it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277.

In an attempt to demonstrate good cause for his failure to exhaust his ineffective assistance of counsel claims to the state's highest court, Petitioner claims his efforts were impeded during the relevant period of May 2009 through June 2010.  However, Petitioner's direct appeal and subsequent collateral petition were pending during this time period and would be subject to statutory tolling.  Therefore, the Court cannot find good cause as this petition does not appear to a "protective" petition to prevent the untimely filing in this Court.  Rather, it appears that Petitioner has rushed to this Court before exhausting his entire state court remedies. Thus, a stay at this juncture does not appear necessary and the motion for stay and abeyance is DENIED without prejudice.

<u>ORDER</u>

Based on the foregoing, it is HEREBY ORDERED that Petitioner's motion for stay and abeyance be DENIED.

IT IS SO ORDERED.

Dated:   March 23, 2011            /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE